**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TASIEOBI SAMUEL OSERE,

Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE; JOHN ASHCROFT, Attorney
General of the United States,

Respondents.

No. 02-1042

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A28-300-958)

Submitted: July 11, 2002

Decided: July 26, 2002

Before WILKINS, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Eric W. Schultz, SACKS & KOLKEN, Buffalo, New York, for Peti-
tioner. Robert D. McCallum, Jr., Assistant Attorney General, James
Hunolt, Allen W. Hausman, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Tasieobi Samuel Osere petitions for review of an order of the Board of Immigration Appeals ("BIA") finding that he failed to establish exceptional circumstances warranting the Immigration Judge to reopen the removal proceedings. Osere contends: (1) he established his lateness to the Immigration Court was due to exceptional circumstances; (2) his right to due process was violated because he did not have a meaningful opportunity to be heard; and (3) the Government failed to show his marriage to an American citizen was not entered in good faith but was established to receive immigration benefits. Finding no reversible error, we affirm.

This Court's review of the BIA's denial of a motion to reopen is extremely deferential, and the decision will not be reversed absent abuse of discretion. *Stewart v. INS*, 181 F.3d 587, 595 (4th Cir. 1999). Motions to reopen are disfavored. *INS v. Doherty*, 502 U.S. 314, 323 (1992); 8 C.F.R. § 3.2(c) (2001). We find the BIA did not abuse its discretion in finding Osere failed to establish exceptional circumstances warranting granting a motion to reopen. *See* 8 U.S.C.A. § 1229a(b)(5)(C)(i), (e)(1) (West 1999).

We further find Osere's right to due process was not denied because he received proper notice and a meaningful opportunity to be heard.

We further find Osere's challenge to the Government's evidence establishing his removability is waived. Osere did not raise this issue before the BIA. *Farrokhi v. INS*, 900 F.2d 697, 700 (4th Cir. 1990).

Accordingly, we affirm the BIA's order. We deny the Government's motion to supplement the brief. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*